Your Honors, Counsel, Kelly, Stacey, appearing on behalf of the people. In this case, the St. Clair County Grand Jury charged that on or about the 9th day of February 2014, defendant without lawful justification, while committing a forcible felony of armed robbery, shot Darren Hayes multiple times about the chest and neck with a firearm, thereby causing his death. As far as anyone is aware, there are no fingerprints, no DNA, and we are not aware of any witnesses to the crime. So the only way to prove this case is through circumstantial evidence. The State filed a Notice of Intent to Introduce Other Crimes Evidence in this case to show that the defendant had the opportunity to commit the crime. And Illinois Rule of Evidence 404B was amended as of 2011 to allow specifically opportunity as a basis to bring in other crimes evidence. And the defendant argued that allowing the State to prove opportunity would show to the jury that he harbored erstwhile criminality and that that was improper propensity evidence. The State obviously disagrees with that. But following the hearing, the trial court entered a really broad order ruling the State could not present evidence that the defendant had the opportunity to commit the crime. But the order seemed to go further than that. The order appears to disallow or bar the State from introducing any evidence of the February 9, 2014 events that occurred. So this order essentially crippled the State's case because it was unable to prove the events on the date of the murder. The State wanted to show, and it's very relevant for the State to show, that the defendant left his home and that he constructed a false alibi of church attendance while he instead, rather than going to church, robbed Darren Hayes and shot and killed him. But the court's order again forbade the State from proving the defendant constructed the false alibi. This false alibi is extremely important to the State's case. It's pivotal to the State's case. And it's also pivotal to the issue of the defendant's consciousness of guilt. Setting up that false alibi, constructing that false alibi, is definitely strong evidence of consciousness of guilt. He clearly had the intent to set up this false alibi when he sent his girlfriend to the church to pick up this church bulletin to back up his story that he went to church that day so he couldn't have shot Mr. Hayes. Counsel, you say this is the only evidence, I mean it's a circumstantial evidence case, the only evidence the State has is this timing issue and whether or not he went to church. Is that what I'm understanding? I think all I can base my argument today on is the fact that this case was hindered at such an early stage. But the State did allege several things in its notice of intent, including things that did not impact on evidence of a prior crime. But the court's order appears to keep the State from introducing any of that evidence. So it's very difficult for me to determine exactly what the State might have been able to prove. But if the order says, and I'll just take a look at the order here and quote part of it, that the probative value of the evidence being attempted to be introduced from February 9th, 2014, is substantially outweighed by the prejudicial effect on the defendant's right to a fair trial. True, the court is concerned about requiring the defendant to come in and testify about his alibi on that date. I think there was a much lesser order the court could have entered, a more tailored order to fit the circumstances of this case because certain things the State included in that notice of intent don't impact on any prior crime whatsoever. And those things being testimony from the defendant's girlfriend that he sent her to this church to pick up this church bulletin to show he was at church, therefore he could not have been at Darren Hayes' home committing the murder. That doesn't impact whatsoever on any prior crime. So the court's order goes too far in that regard. True enough, the probation officer this court could tailor or could directly trial court to tailor a motion in limine or a murder in limine not to allow the probation officer to testify if the defendant was on home monitoring. The State should be allowed to call the pastor of that church as a witness to testify whether or not he saw a defendant there that day. We do know from the allegations in this State's notice of intent that the girlfriend did speak to both the pastor and his wife that day and she filled out a visitor card. So we know she wasn't a regular attendee of that church. She filled out the visitor card and obtained that church bulletin which was found in the defendant's home. So clearly there's very strong evidence that the defendant was attempting to set up or construct this false alibi. Again that part of this case doesn't impact whatsoever on prior crime of criminal damage to State supported property. So the court's order is way too broad for this. The State should have, the State believes it should have the opportunity to prove the defendant did have the opportunity to commit the crime but if this court believes that the trial for this order was proper, this order entered by the court goes way too far and takes away the State's ability to prove the case altogether. So the testimony from the girlfriend, the testimony from the pastor and the pastor's wife who all spoke to defendant's girlfriend that day should be allowed to testify whether or not they saw the defendant there. And that's the problem with the trial court's order. The State is unable to tell what's left of the case. What can the State still present? And it looks like this court order essentially bars them from introducing anything that occurred on that February 9, 2014 date. So the State believes what should happen is they remand to the trial court to clear up what appears to be a very ambiguous order and it accomplishes way too much, way beyond what defendant has even asked the court to do in this case. Again the State does believe under Rule 404B the amended rule opportunity is a relevant and a permissible fact for the State to prove. So although we believe that the prior crime evidence should be able to come in, even if this court doesn't agree with that, the court's order goes way too far, the State is allowed to have a fair trial and under the constraints of this order it's very unclear exactly what is left and what can be done here for the State in going forward with the case after this. That's why we're here today. Thank you, Your Honors. Thank you. Good morning, Your Honors. May it please the Court and my colleague from the State, my name is Ian Barnes on behalf of the applee, Thomas Flakes. Your Honors, this case is about the exclusion of other crimes evidence. That was what the basis of the court's order was and I'd like to just read the order verbatim because I think it really illustrates how important it really is. The order reads, after considering the State's notice of intent and arguments of counsel, without additional supportive evidence, the probative value of the evidence being attempted to be introduced from February 9th, 2014, is substantially outweighed by the prejudicial effect on defendant's right to a fair trial. The evidence that was being excluded by this order was the other crimes evidence, namely Mr. Flakes' prior conviction, the fact that he was on electronic monitoring as a result of that conviction, and the fact that he had possibly violated the terms of that electronic monitoring on the day in question. I would point to the pleadings of both parties, both the motion and lemonade filed by defense counsel and the State's notice of intent because that illustrates what they were arguing about, this other crimes evidence. The State's notice of intent was called a notice of intent to introduce other crimes evidence. The State has claimed throughout its briefing here today that the order bars the introduction of any evidence of Mr. Flakes' whereabouts, other evidence of his opportunity, the testimony of Mr. Flakes' girlfriend, the testimony of the pastor and his wife from church, and the discussion that the parties had at the hearing also does not substantiate that. The parties discussed, they were arguing about other crimes evidence, whether it would be proper for the jury to hear that Mr. Flakes was on electronic monitoring that day and whether he violated the terms of that electronic monitoring. This order, I'm sorry, the State has also repeatedly today and in their briefing referred to the existence of an alibi. And it's incredibly important to note that no alibi exists in this case. Mr. Flakes has not tendered an alibi. His defense counsel specifically said he's not going to tender an alibi. And at C-78 and 79 record, he admitted that if Mr. Flakes ever did raise an alibi defense, this evidence of his possible electronic monitoring violation would absolutely be admissible to abut it. But as the record stands today, no alibi defense has ever been tendered. There is not an alibi defense that exists in this case. The State appears to be interpreting the circuit court's ruling as saying because the State is disallowed from proving that Mr. Flakes left his home by virtue of the electronic monitoring violation, that it must mean Mr. Flakes is asserting that he was not at the scene of the crime. And respectfully in other words, that's not how motions in limine work. That's not how alibi defenses work. And it's not how evidence works. Mr. Flakes would have to put on some sort of affirmative evidence to ever establish an alibi. And at this point, he has not done so given that there hasn't been a trial and he's put forth no intent to do so. And it's worth noting that if Mr. Flakes ever tried to put on alibi evidence without tendering it to the State in advance, the State would be well within its right to stand on counsel table and object. But that hasn't happened. What this case is, is the routine exclusion of other crimes evidence that is reserved to the discretion of the circuit court. The circuit court here appropriately exercised its discretion by excluding this evidence because it recognized that the prejudice was substantial. The jury would learn that Mr. Flakes is a convicted felon. They would learn that he was on electronic monitoring as a result of that conviction. And that on the day in question, he had, I guess you could say, gone off the reservation and possibly lied to his probation officer. The circuit court also recognized that this evidence, in order for evidence to be relevant, it needs to move the needle. It needs to make the existence of some fact more or less likely. And the State's purpose for using this evidence to say Mr. Flakes had the opportunity to commit this crime, his opportunity is unchanged whether he was on electronic monitoring or not. In other words, if he was on electronic monitoring or he wasn't on electronic monitoring, it doesn't make him more able to be at the crime scene. This evidence is more or less meaningless in terms of his ability to walk out his front door and be at the scene of the crime. But it does contain substantial prejudice. The circuit court realized that. And that decision should not be reversed without a showing that the decision was arbitrary and capricious and that no reasonable person could agree with it. That standard hasn't been met here. The State also mentioned consciousness of guilt. And I would suggest that this evidence is equally irrelevant to show consciousness of guilt because the indictment doesn't allege that this crime was premeditated. And the act of Mr. Flakes leaving his home while on electronic monitoring before the crime occurs in a crime that is not alleged to be premeditated simply has no bearing on the crime. If you're honest, I'm sorry? What's the charge? The indictment? Murder. I believe it's felony murder. It appears that it was an armed robbery that became the murder. Well, counsel argues yes, but the defendant set up this false alibi. He sends the girlfriend to the church and she gets the bulletin and he wasn't there and they found the bulletin in his car or his home. His home. I mean, that's what the State wants to do. And you're saying that basically the Chalkworth's order did not address that? I'm saying that the order doesn't bar the State from putting on Mr. Flake's girlfriend. Her testimony might be subject to other evidentiary objections like relevance, but this order doesn't prevent it. Does that answer your question? I'm not sure if it does. The problem of the State calling this a false alibi, of course, is that Mr. Flakes has not raised an alibi. If they want to show that he told his girlfriend to go to church for him and act like he had been there, the State, based on the language of this order, is free to do so. I'm not sure it would be relevant because all that means is Mr. Flakes didn't go to church. He could have gone anywhere in the Metro East area in the hour and 45 minute or so period where he was away from the monitoring. I'm not quite sure how that device works, but he was out of range is how the record puts it. So all that evidence shows is that he went somewhere outside of his house. But that could have been anywhere because the record doesn't substantiate where, in fact, he went. He could have been shopping. He could have been going to a park. He could have done just about anything during that time period. So if Your Honor have no further questions, I would ask Your Honors to affirm the ruling of the circuit court and remand the case back to St. Clair County for trial. Thank you. Thank you. Your Honors, as much as I would like to take counsel's word for it that what this court order actually allows and what it bars, the plain language of the order clearly says the probative value of the evidence being attempted to be introduced from February 9, 2014 is substantially outweighed by the prejudicial effect on defendant's right to a fair trial. The state doesn't normally leave this to chance. The state needs to know exactly what it's allowed to bring in and what it is not. The evidence about the false alibi is the strongest evidence the state has. For the defense counsel to say it's not relevant, that just defies logic in this case. It is very potent evidence that he was motivated to construct a false alibi. We know based on counsel's arguments here today, if nothing else, he was away from his home for an hour and 45 minutes. He went somewhere. So why would he set up this false alibi? Because he was most likely at Darren Hayes' house committing a robbery that turned into a murder. That's also the problem with counsel's argument that the state didn't allege premeditation. Nothing was raised in the trial court below saying there was anything wrong with his criminal indictment. All of the elements of first-degree murder are present within that indictment. So that argument has no merit here today. This order appears to bar any and all evidence the state wanted to introduce for February 9, 2014. It hampers the state's entire ability to bring a case. The order needs to be revised. There needs to be maybe a further hearing on it and the court to set some parameters of, like I said, even if this court believes the propensity evidence or the opportunity evidence shouldn't come in, the state also asked to have evidence from the pastor, the pastor's wife, and the girlfriend to be brought in. But this order does appear to bar all of that. There's absolutely no legal reason, no Supreme Court rule, no Illinois rule of evidence that would bar any of that from coming in. There's nothing prejudicial about that, substantially prejudicial, unduly prejudicial. Granted, all evidence the state presents is going to be prejudicial, but there's no other crimes evidence involved in any of that. So the court's order needs to be adapted. It needs to be tailored specifically to protect the defendant's right to a fair trial if this court believes that opportunity evidence shouldn't be allowed to come in. But this order is so ambiguous that it really needs to be cleared up. And it's very convenient to say the defendant failed to tender an alibi. Well, that's the problem here. We don't have him tendering an alibi. What we have is him constructing a false alibi. So he really doesn't have to say anything. But the state's not able to prove he set up this false alibi to protect himself and to take away the state's entire case. It's extremely relevant. It's very probative. And it is integrally important to the state's case to show the construction of this false alibi because we don't have direct evidence of fingerprints or eyewitnesses or other DNA. We respectfully ask this court to reverse and remand to the trial court with directions to tailor an order of limiting that protects the right to a fair trial of both parties. Thank you, Your Honor. Thank you, Counsel. The court will take this matter under advisement to render a decision in due course. The court will take a brief recess, and then we'll resume with the 10 o'clock cases.